# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKLIN J. JOHNSON,<br><br>    Defendant. | Case No. 3:14–cr–30194–NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration (Doc. 69) filed by Franklin Johnson ("Johnson"). For the reasons set forth below, the motion is denied.

### BACKGROUND

On July 30, 2015, Johnson pled guilty to conspiracy to manufacture and distribute of methamphetamine, distribution of methamphetamine, and possession of chemicals with the intent to manufacture methamphetamine. (Doc. 38). Johnson was sentenced to 188 months' imprisonment to be followed by a 4 year term of supervised release. (Doc. 48). He is currently imprisoned at FCI-Forrest City Medium with an anticipated release date of November 15, 2028. *See* https://www.bop.gov/inmateloc/ (last visited Nov. 9, 2021).

The Government argues Johnson's motion is precluded by his plea agreement, which was knowing and voluntarily signed, containing a waiver where Johnson agreed to not contest "any aspect of the conviction and sentence . . . under Title 18 or Title 28, or any other provision of federal law." (Doc. 38). Moreover, the Government contends that Johnson has failed to demonstrate extraordinary and compelling reasons for relief given he is fully

vaccinated and remains a danger to the public. (Doc. 71, pp. 1-2). Accordingly, the Government asks the Court to deny the motion for reconsideration.

## DISCUSSION

**I.    Motion for Reconsideration of Denial Under the First Step Act**

A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

   *A. Plea Agreement Waiver*

Before reaching the merits of Johnson's motion, the Court must first determine whether he waived the ability to bring his motion by the terms of his plea agreement. Johnson's plea agreement states:

> Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28,** or under any other provision of federal law . . .

(Doc. 38, p. 10) (emphasis added). The Government argues that this provision and others foreclose Johnson from seeking relief under 18 U.S.C. § 3582.

In support of its argument, the Government cites to *United States v. Soto-Ozuna*, an unpublished case in which the Seventh Circuit found the defendant waived his right to move under § 3582(c)(2) for a sentence reduction based on Amendment 782 to the Sentencing

Guidelines when he agreed not to "seek to modify his sentence . . . in any type of proceeding." *United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017). The Court noted that it will "enforce appellate waivers in plea agreements if the terms of the waiver are express and unambiguous and the defendant knowingly and voluntarily entered into the agreement." *Id.* (citing *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011)). Because there was no indication the defendant's waiver was not knowing and voluntary, the Court upheld the waiver and affirmed the district court's denial of defendant's motion. *Id.*

As far as the Court can tell, there are three cases that have relied on *Soto-Ozuna* to deny a motion for compassionate release filed under the First Step Act based on the waiver provision in a plea agreement. In these cases, the district court for the Southern District of Indiana found defendants waived their ability to file a motion for a sentence reduction when their plea agreement expressly forbid them from bringing such a motion "in any later legal proceeding including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." *United States v. Egebrecht*, No. 217CR00007JRSCMM, 2020 WL 3510775, at *2 (S.D. Ind. June 29, 2020); *United States v. Harris-Harden*, 2020 WL 5653404, at *2 (S.D. Ind. Sept. 22, 2020); *United States v. Barnett*, 2020 WL 5947013, at *2 (S.D. Ind. Oct. 6, 2020). While acknowledging that some courts "have refused to enforce plea waivers where the defendant was sentenced years before the First Step Act was passed on December 21, 2018, thereby making it impossible for the defendant to 'knowingly' waive any claim under the Act," these defendants signed their plea waivers *after* the enactment of the First Step Act. *See Egebrecht*, 2020 WL 3510775 at *2-3 (defendant signed plea waiver in April of 2019); *see also Harris-Harden*, 2020 WL 5653404 at *2-3 (defendant signed plea waiver in April of 2019); *United States*

*v. Barnett*, 2020 WL 5947013, at *2 (S.D. Ind. Oct. 6, 2020) (defendant "signed his plea waiver on December 26, 2018—several days after the First Step Act was enacted"). Additionally, each defendants' plea agreement specifically precluded actions brought under 18 U.S.C. § 3582. *Id.*

Here, Johnson's plea agreement, which does not include an express provision barring the filing of § 3582(c)(2) motions, was made *before* the enactment of the First Step Act. *Soto-Ozuna* is also distinguishable from this case. In *Soto-Ozuna*, the defendant waived his right to seek to "modify" his sentence. Here, Johnson waived his right to "contest any aspect of the conviction and sentence that could be contested under Title 18 or Title 28." A motion for compassionate release does not "contest" a sentence as it was imposed, but rather argues the enumerated or extraordinary factors now warrant a revisiting and modification of that sentence. *E.g.*, *United States v. Monroe*, 580 F.3d 552, 557–58 (7th Cir. 2009) (noting that § 3582(c) is "fundamentally different" from an appeal or collateral attack as it does not seek to "impugn" district court's sentence). As such, the waiver in Johnson's Sentencing Agreement does not appear to foresee a waiver of a motion under 18 U.S.C. § 3582(c). Because a motion under § 3582(c) does not amount to an appeal or collateral challenge, an exception to such a waiver would be unnecessary, and the failure to list § 3582(c) among the listed exceptions does not indicate waiver. Accordingly, the Court finds that Johnson did not waive his right to bring a motion for compassionate release under 18 U.S.C. § 3582(c).

The Court further finds that Johnson could not have knowingly waived his ability to bring a claim under the First Step Act, as that avenue to relief did not yet exist. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) ("Waiver is the relinquishment of a known right. The First Step Act amended Section 3582 and was passed after his sentence, so he could not have waived the rights it contains."); *United States v. Ellerby*, 2020 WL 2395619,

at *2 (D. Md. May 12, 2020) (because defendant pleaded guilty in 2016, and "mindful that a waiver agreement 'should be interpreted narrowly against the government,'" defendant did not waive his right to bring a motion under the First Step Act); *United States v. Burrill*, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020) (defendant's December 2017 plea agreement could not encompass the relief he sought under the First Step Act, "as he could not have knowingly waived rights that were not in existence, or even contemplated, at the time of his plea.").

As noted by the Northern District of California, "Congress did not intend for federal prosecutors to have the final say on a defendant's request for compassionate release." *United States v. Sembrano*, 2020 WL 3161003, at *3 (N.D. Cal. May 28, 2020). Rather, "when it passed the First Step Act, Congress made courts rather than executive agencies the final arbiters of compassionate release motions." *Id.* While prosecutors participate in the process of evaluating those motions, they are not the final decisionmakers. *Id.* "It is unacceptable for the United States Attorneys' Office to use its favorable position at the plea-bargaining table to abrogate a role Congress designated for the courts." *Id.*

For these reasons, the Court finds that Johnson's plea agreement was not a knowing and voluntary waiver of his right to seek a sentence reduction under the compassionate release provision of the First Step Act. Thus, he is not foreclosed from bringing his motion in this Court.

### B. *Consideration of Johnson's Motion for Compassionate Relief*

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected

to recover. While the Court is not bound to follow this definition when a defendant brings suit himself under the First Step Act, it is a guiding principle. As the Seventh Circuit noted in *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020):

> The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion within being conclusive.

Here, Johnson has failed to establish extraordinary and compelling circumstances that warrant granting his motion for compassionate release. Johnson also has not provided evidence that he cannot properly care for himself within the correctional facility. Rather, Johnson claims that his hypertension, migraines, respiratory problems and an enlarged prostate as a basis to grant compassionate release. (Doc. 69). These conditions do not necessarily indicate a need for release, nor that Johnson is at a particular risk. *See United States v. Moskop*, 2020 WL 1862636, at *2 (S.D. Ill. Apr. 14, 2020) (holding that "while the Court acknowledges Defendant's chronic medical conditions and is aware of the dangers associated with the current Covid-19 outbreak, there is no showing that Defendant is at any particularized risk" from his ailments which included an enlarged prostate). In cases where a defendant's prostate issues were deemed an extraordinary and compelling reason warranting release, the defendant was at a much higher risk of severe illness and death. *See United States v. Clark*, 2021 WL 136092 at *4 (E.D. Wis. Jan. 14, 2021) (denying defendant's motion for compassionate release because of the § 3553(a) factors but recognizing that defendant's *prostate cancer* was "an extraordinary and compelling reason warranting his release").

As for his respiratory problems, Johnson alleges he requires an inhaler after

contracting COVID-19. (Doc. 63, p. 8). But medical records indicate that Johnson's inhaler is prescribed only on an "as needed" basis. (Doc. 71-1, p. 24). Finally, as to Johnson's hypertension, his medical records do not indicate whether he suffers from *pulmonary* hypertension—the only type of hypertension putting an individual at risk to sever illness from COVID-19. *See United States v. Millbrook*, 840 F. App'x 25, 26 (7th Cir. 2021) (noting that while "[defendant's] high blood pressure likely put him at some increased risk from COVID-19, guidance from the Centers for Disease Control and Prevention did not indicate that high blood pressure (in contrast to 'pulmonary hypertension') was a significant risk factor").

The Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the BOP, but "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020). This especially rings true in this case because Johnson has been vaccinated (Doc. 71-1, p. 23). Receiving a COVID-19 vaccination diminishes Johnson's risk of getting seriously ill from the virus and shows BOP has been adequately protecting inmates.

Even if the Court were to find that Johnson's medical conditions, alone or in conjunction with the COVID-19 pandemic, constituted extraordinary and compelling reasons for release, the § 3553(a) factors and requirement that a defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Johnson is a career offender. Reducing Johnson's sentencing would fail to encapsulate the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. As the Government points out, Johnson admitted to law enforcement that he had been "manufacturing, using, and selling methamphetamine for many years." (Doc. 71, p. 4).

Accordingly, after failing to find extraordinary and compelling reasons justifying compassionate release and determining that Johnson is a continued threat to the public, the Motion for Compassionate Release (Doc. 69) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 10, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**